FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 28 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RENATO SCANTLEBURY,

           Plaintiff,

    -against-

THE CITY OF NEW YORK; POLICE OFFICER
JOHN DOE #1, POLICE OFFICER JOHN DOE #2
from the 67th Precinct, Brooklyn, New York,

           Defendants.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-2169 (SLT)(MDG)

**TOWNES, United States District Judge:**

    Plaintiff Renato Scantlebury, who is currently incarcerated at the Manhattan Detention Center, brings this *pro se* action pursuant to 42 U.S.C. § 1983 against the City of New York ("the City") and two unnamed police officers from the 67th Precinct who allegedly unlawfully arrested him sometime in October 2014. Although the Court grants plaintiff's request to proceed *in forma pauperis*, plaintiff's claims against the City are dismissed. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests assistance of the Corporation Counsel in identifying the unnamed police officers.

## BACKGROUND

    The following facts are drawn from plaintiff's seven-page form complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order. Sometime in October 2014, two police officers from the 67th Police Precinct—identified in the complaint as John Does #1 and #2—arrested plaintiff. He was imprisoned and charged with unspecified offenses in a Criminal Court Complaint, Docket Number 2014KN080540.

Following his arraignment, plaintiff was released on recognizance. Sometime in January or February 2015, the charges against him were dismissed pursuant to New York Criminal Procedure Law 160.50. Thereafter, plaintiff commenced this action, alleging that his arrest, imprisonment, and a related "search and seizure" violated his Fourth Amendment rights. Plaintiff, who claims that he lost his home as a result of the unlawful arrest and search and seizure, seeks compensatory damages in the amount of $100,000.

## DISCUSSION

### A. Standard of Review

Under 28 U.S.C. § 1915A(a), the Court must "review, ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon that review, the Court "shall identify cognizable claims or dismiss the complaint, *or any portion of the complaint*, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b) (emphasis added). Similarly, 28 U.S.C. § 1915(e)(2) provides that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

In evaluating whether a pleading states a claim for relief, "'a court must accept as true all factual allegations contained in a complaint' but need not accept 'legal conclusions.'" *Halebian*

2

*v. Berv*, 590 F.3d 195, 203 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. To state a claim, "a complaint must contain sufficient factual matter ... to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "a *pro se* complaint ... must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

### B. *The § 1983 Claim against the City of New York*

Plaintiff's form complaint alleges that this action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege both that the

3

conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Although municipalities, such as the City of New York, are considered "persons" for purposes of § 1983, the Supreme Court has held that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 689 (1978). Rather, in *Monell* and subsequent cases, the Supreme Court has "required a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Brown*, 520 U.S. at 403 (citing cases). A municipal "policy" results "from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403-04 (citing *Monell*, 436 U.S. at 694). A "custom" is a practice which, although not formally approved by an appropriate decisionmaker, is "so widespread as to have the force of law." *Id.* at 404 (citing *Monell*, 436 U.S. at 690-91).

"Following *Iqbal* and *Twombly*, *Monell* claims must satisfy the plausibility standard ...." *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011). Accordingly, claims against a municipality or municipal agency can be "dismissed for failure to plausibly allege that any constitutional violation resulted from a custom, policy or practice of the municipality." *Meehan v. Kenville*, 555 F. App'x 116, 117 (2d Cir. 2014) (summary order); *see also Cancel v. Amakwe*, 551 F. App'x 4, 7 (2d Cir. 2013) (summary order).

Plaintiff's complaint in this case contains no allegations whatsoever regarding the City. The only factual allegations in the complaint relate to City employees: the unnamed police officers who allegedly unlawfully arrested, imprisoned and searched plaintiff. Nothing in the complaint suggests that any of the alleged wrongdoing on the part of these police officers is attributable to a municipal policy or custom. Rather, the complaint appears to name the City as a defendant solely because it employed the police officers. Since a § 1983 claim against the City cannot be based on *respondeat superior*—that is, simply because the City employed a person who violated plaintiff's rights—and since plaintiff fails to allege a municipal policy or custom, plaintiff's § 1983 claims against the City are dismissed. *See Mpala v. City of New Haven*, 577 F. App'x 20, 21-22 (2d Cir. 2014) (summary order) (dismissing a § 1983 claim which sought to hold a municipality liable for an employee's conduct on a *respondeat superior* theory); *Parker v. City of Long Beach*, 563 F. App'x 39, 42 (2d Cir. 2014) (summary order) (dismissing plaintiff's false arrest and excessive force claims against a municipality because a plaintiff failed "to establish that the individual defendants' actions were the result of any municipal policy or failure to train, or that any of the individual defendants exercised policymaking authority such that this single episode could possibly be attributed to municipal authority.").

### C. The § 1983 Claims against Police Officers John Doe #1 and #2

In contrast, plaintiff's complaint states a § 1983 claim against the police officers, John Does #1 and #2. Police officers who act in their official capacity act under color of law. *See Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003). In addition, the complaint expressly

alleges that these officers were responsible for the false arrest, unlawful imprisonment, and illegal search and seizure that allegedly violated plaintiff's rights under the Fourth Amendment of the United States Constitution. Accordingly, plaintiff's § 1983 claims against Police Officers John Doe #1 and #2, employed by the 67th Precinct in Brooklyn, may proceed.

Since plaintiff is an incarcerated, *pro se* plaintiff, the Court would ordinarily direct the United States Marshals Service to effect service on these police officers without prepayment of fees. In this case, however, the Marshals Service will not be able to serve the Doe defendants without further identifying information. Although "[i]t is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit[,] ... [t]his rule has been relaxed ... in actions brought by *pro se* litigants." *Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997) (internal citation omitted). In cases such as this, a *pro se* litigant is entitled to assistance from the court in identifying a defendant. *See id.*, at 75-76.

In accordance with *Valentin*, the Court directs that, within 45 days from the date of this Memorandum and Order, Corporation Counsel for the City of New York ascertain the full name of the two individuals whom plaintiff has identified as Police Officers John Doe #1 and #2 and to provide the address where these defendants can currently be served. Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture, but need only provide information enabling plaintiff to name and properly serve the defendants. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name and badge number of each of these police officers, an amended summons shall be issued, and the Court shall direct service on these defendants.

## CONCLUSION

For the reasons stated above, plaintiff's claims against defendant City of New York are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b) and/or 1915(e)(2)(B). The claims against the two remaining defendants—Police Officers John Doe #1 and #2—shall proceed.

The Clerk of Court shall mail a copy of plaintiff's complaint, his *in forma pauperis* application, and this Memorandum and Order to the Special Federal Litigation Division of the New York City Department of Law. The Court requests that, within 45 days of the date of this Memorandum and Order, Corporation Counsel ascertain the full names of these two officers and an address where these defendants can currently be served. The case is referred to the Honorable Marilyn D. Go, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: May 27, 2015
Brooklyn, New York